# Schulte Roth&Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2506

Writer's E-mail Address
Max.Garfield@srz.com

**MEMO ENDORSED**

November 26, 2019

**VIA ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Defendant is directed to respond to Plaintiffs' letter by December 4, 2019 at 5:00 PM.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: November 27, 2019
> New York, New York

Re: *The National Retirement Fund et al. v. Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel*, Case No. 17-CV-04998-ER (S.D.N.Y.)

Dear Judge Ramos:

      Schulte Roth & Zabel LLP is counsel to plaintiffs the National Retirement Fund (the "Fund") and the Board of Trustees of the Fund. We write in advance of the Court conference scheduled for December 11, 2019 to provide the Court with an update on the status of the litigation and to respectfully request that the Court take appropriate steps to bring fact discovery to a close so this case may be resolved without further delay. The parties have requested jointly several extensions of discovery, and have attempted to work amicably in so doing, but for the reasons described below, the Fund has no basis to believe at this time that the litigation will move forward without the Court's intervention.[1]

      This case involves a narrow dispute concerning an employer's contribution obligation to a Taft-Hartley multiemployer pension fund, the Fund. The Fund is a third party beneficiary of collective bargaining agreements (the "CBAs") entered into by and between defendant Omni Pittsburgh Corporation d/b/a Omni William Penn Hotel ("Omni") and a labor union. The CBAs arguably relevant to this dispute date from 2007, 2011, and 2015. This litigation arose following a September 2016 audit of Omni's contributions to the Fund for the years 2012 through 2015. The central issue is whether Omni was obligated to contribute to the

---

[1] For this reason, and due to the nature of this letter and the issues described, the Fund is submitting this letter on its own rather than as a request for an extension of time pursuant to Your Honor's Individual Practices.

Fund for all hours for which covered employees were paid, which includes time off, or only for hours for which covered employees actually worked. If the Fund prevails, in addition to unpaid contributions, the Fund is entitled, by statute, to attorneys' fees, liquidated damages and interest (the "Statutory Damages"). *See* Sections 502(g)(2)(B)-(D) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(g)(2)(B)-(D); Section 515 of ERISA, 29 U.S.C. § 1145.

The Fund filed suit in July 2017 seeking contributions it alleged Omni failed to pay and the Statutory Damages. In August 2017, Omni filed a counterclaim seeking a return of alleged overpayments it made to the Fund prior to the time of the audit. The parties have been unable to conclude discovery. This litigation has been plagued by numerous delays due to factors beyond the Fund's control.[2] Document discovery is complete and, as far as the Fund is aware, there is only one key witness who has yet to be deposed by either party – a former executive affiliated with Omni and represented for purposes of this litigation by Omni's counsel.[3] (Because we are referencing certain personal matters concerning this individual, we are not identifying the individual by name or with greater detail in this letter.) This individual was involved in collective bargaining and in the central factual developments that gave rise to this dispute in September 2016 and the ensuing months. The Fund originally noticed the individual's deposition for September 5, 2018.

The Fund has attempted to secure a deposition date for this key witness for months. As referenced in footnote two, the litigation was effectively "on hold" for several months earlier this year in light of the privilege dispute between the parties, which required the Court's intervention. (ECF No. 46). In July, 2019, once the litigation resumed, Omni's counsel advised us that the individual had suffered a death in the family. At the time, fact discovery was set to close on September 3, 2019. When it became apparent that Omni would not be able to produce the witness prior to that date, the parties agreed to ask the Court to extend the close of discovery until October 18th based on Omni's counsel's suggestion at the time that such a date would permit depositions to conclude. The Court approved this request (ECF No. 48).

On September 19, 2019, Omni's counsel advised us that the individual's close family member was "undergoing a medical procedure" and that the individual "will subsequently be out of the country until October 23." Based on this representation and a further representation

---

[2] For example, in November 2018, Omni asked the Fund to make a settlement proposal. The Fund did so that same month. Despite Omni having made the request, Omni has never responded to the Fund's proposal. In February 2019, once depositions began, the litigation became derailed for several months as a result of a dispute over inadvertently privileged communications produced by a third party that was performing services for the Fund and that Omni sought to use in at least one deposition (*see* ECF Nos. 32, 37, 39 and 43). In June 2019, the Court resolved the dispute in the plaintiffs' favor and against Omni (ECF No. 46).

[3] There is one potential additional witness whose deposition the Fund has noticed and may elect to take depending on what occurs during the "key" remaining deposition. Assuming Omni does not intend to call this witness to testify at trial, and barring something highly unexpected during the other deposition, the Fund hopes to be able to avoid the time and expense of this second deposition. Separately, Omni previously has noticed and indicated it intended to take the deposition of a third party witness, although as of this writing, the Fund has no basis to believe that Omni intends to pursue that deposition. Omni has, as far as the Fund is aware, made no effort to schedule the referenced third party witness's deposition for the past several weeks.

by Omni's counsel in mid-October that they had "no reason to believe [the witness] would not be available for [] deposition prior to November 25" – *i.e.*, that the individual's deposition could be arranged to occur prior to this week and the Thanksgiving holiday – the parties agreed to extend the close of discovery until December 2nd, which date the Court approved (ECF No. 50). In mid-October, we asked Omni's counsel to provide available dates for the deposition as soon as possible. On November 12, 2019, with the new deadline approaching and having heard nothing, we again asked Omni's counsel for available dates. On November 20, 2019, we were advised that Omni's counsel was "having trouble reaching" the witness and that they were "trying" and would "circle back." The Fund has no independent information about the witness or the family/medical situation, and we have endeavored to accommodate the personal issues respectfully at every turn. In fact, we have offered, if practicable, to travel to take the deposition if the individual is unable to come to New York. (We have asked Omni's counsel where the individual currently is; as of this writing, we have received no response.)

The events described above have caused this 2017 litigation to drag on and have imposed substantial cost on the Fund. In particular, the "stop-and-start" nature of discovery has amplified these costs substantially. Although the Fund is entitled pursuant to ERISA to, *inter alia*, its attorneys' fees in the event it prevails, and therefore expects to recover these amounts, the Fund has been put in a position to pay for the litigation over an extended period of time, contrary to the statutory intent applicable to contribution collection actions under ERISA.

As a result, we respectfully request that the Court: (i) extend the current fact discovery cut-off from December 2, 2019, for the purpose of the Fund taking the one deposition described above, which the Fund is prepared to take on reasonable notice (and, potentially, the additional Omni witness if the Fund deems it necessary), (ii) direct Omni's counsel to take more aggressive, concrete and demonstrable steps to communicate to the individual that the individual must be more responsive and work with Omni's counsel to appear for deposition on reasonable notice as soon as personal circumstances warrant, (iii) order Omni's counsel to provide plaintiffs with the individual's contact information, and (iv) not adjourn the December 11th status conference so that Omni's counsel can provide the Court and the Fund with an update on its efforts in this regard.

We thank the Court for its attention to our letter.

Respectfully submitted,

/s/ Max Garfield

Max Garfield

cc: Counsel of Record (via ECF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: November 27, 2019